UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YISROEL BRODY, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>APPLE INC.,<br><br>Defendants. | Civil Action No. 1:18-cv-80<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMAND |

Plaintiff Yisroel Brody ("Brody" or "Plaintiff"), on behalf of himself and all others similarly situated, by the undersigned counsel, alleges, against Defendant Apple, Inc. ("Apple" or "Defendant"), the following upon information and belief, except as to those allegations concerning Plaintiff individually, which are alleged upon personal knowledge:

## SUMMARY OF ACTION

1. Plaintiff brings this class action case against Apple for its fraudulent and deceptive interference into the operation and performance of its iPhone devices which were updated to any of the 2017 operating system software updates described below ("class iPhones"), and its failure to disclose that Apple has been purposely slowing down the processing and operations of class iPhones through such updates.

2. The 2017 Apple iPhone operating systems software updates affecting class iPhones include the following iOS 10 and 11 updates ("iOS updates"): iOS 10.2.1 (released on January 23, 2017); iOS 10.3 (released on March 27, 2017); iOS 10.3.1 (released on April 3, 2017); iOS 10.3.2 (released on May 15, 207); iOS 10.3.3 (released on July 19, 2017) (collectively referred to as the "iOS 10 Update"); iOS 11.0.1 (released on September 26, 2017);

1

iOS 11.0.2 (released on October 3, 2017); iOS 11.0.3 (released on October 11, 2017); iOS 11.1 (released on October 31, 2017); iOS 11.1.1 (released on November 9, 2017); iOS 11.1.2 (released on November 16, 2017); iOS 11.2 (released on December 2, 2017); and iOS 11.2.1 (released on December 13, 2017) (collectively referred to as "iOS 11 Update").

3. Class iPhones are comprised of the series 5, 6, 7 iPhones, including but not limited to the following models: iPhone 5, iPhone SE, iPhone 5C, iPhone 6, iPhone 6S, iPhone 6S Plus, iPhone 7, and iPhone 7 plus.

4. On December 20, 2017, Apple confirmed in a statement that the company's iOS updates have, in fact, slowed the performance of class iPhones, interfered with their normal usage, and limited their performance under certain conditions to prevent class iPhones from reaching their full processing power in an effort to protect the devices from the effects of battery degradation.

5. Instead of enhancing the performance of class iPhones through iOS updates which are compatible and supportive of the devices' operating systems, as Apple had represented, Apple distributed iOS updates which significantly and negatively interfered with class iPhones performance, including the slowing of class iPhones to the point of significant lag time and/or interference of ordinary use. Moreover, by failing to disclose previously that it was intentionally slowing down performance of older devices to compensate for and protect devices from the damaging effects of battery degradation, Apple disregarded the rights of Plaintiff and members of the proposed classes in order to push people to upgrade their iPhones faster. In doing so, it also intentionally failed to inform class iPhone owners of better ways to safely and efficiently use their phones with aging batteries, such as replacing the battery of an older iPhone model.

6. As a result of Defendant's wrongful actions, Plaintiff and members of the proposed classes have been injured by either continuing to use slowed class iPhones which experience significant lag time and interfere with the phones' ordinary use, or purchase a new model iPhone.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. 1332(d) because (1) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs, (2) there are more than 100 putative class members, and (3) at least some members of the proposed Class have a different state citizenship from Apple.

8. This Court has personal jurisdiction over Apple because Defendant advertises and does substantial business in the State of New York and purposefully avails itself of the privileges of conducting business within this state and in this District.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Apple advertises and does substantial business within this District, and engaged in deceptive practices in this District, and a substantial part of the events, acts, and omissions giving rise to Plaintiff's claims occurred in this District.

## THE PARTIES

10. Plaintiff Brody resides in Brooklyn, New York and is the owner of an iPhone 6.

11. Defendant Apple is a California corporation with its principal offices at 1 Infinite Loop, Cupertino, CA 95014.

## PLAINTIFF ALLEGATIONS

12. In or around August 2015, Plaintiff Brody purchased an iPhone 6 to own and operate.

13. Over time, Brody noticed significant slowdowns of the speed of his iPhone 6's operation, as well as other operational issues that negatively affected the performance of his iPhone 6 after iOS 10 and/or iOS 11 updates were issued and downloaded onto his phone. This included delayed response in launching applications ("apps"); severe delays in typing functions when creating text messages; and other delays and malfunctions – all of which made ordinary use of Brody's iPhone impossible.

14. After experiencing slow and diminished performance, Brody went to his local Verizon store and had an "MRI" diagnostic test run on his iPhone 6 to determine whether there had been any physical, electrical and/or other damage to the phone. The diagnostic test revealed no physical, electrical, or other damage to the phone, and Brody was advised that its diminished performance was on account of Apple's recent iOS updates and its effect on the battery life and function.

15. As a result of the diminished performance of his iPhone 6, Brody reached out to the warranty department of Verizon Wireless in December 2017 for a needed replacement phone. Because the iphone6 was no longer available, they replaced his phone with an iPhone 6S. Presently, however, his iPhone 6S experiences the same slowdowns and operational problems that he experienced with his iPhone 6, and will need to replace his new iPhone 6S out of pocket.

16. In or around March 2017, Brody's family members and business associates also experienced significant problems in the speed and operation of their iPhones following the iOS updates that were issued to and downloaded onto their phones. As a result, Brody was forced to

use his upgrade options from Verizon Wireless and pay approximately $1000 per phone to replace the two iPhones.

## FACTUAL ALLEGATIONS

17. Apple periodically releases iOS updates for the phones to the public. Following iOS updates to class iPhones, including iOS 10.2.1, Plaintiff and putative class members began to experience significant slowdowns with their class iPhones, delayed responses to touch interactions and application ("Apps") launches, and other performance problems.

18. Following iOS updates to class iPhones, including iOS 10.2.1, Plaintiff and putative class members were unable to engage in ordinary use of their class iPhones as the devices experienced slow and buggy response time during their normal functions.

19. Upon information and belief, Apple's updates, including the iOS 10 and iOS 11 Updates, caused performance problems many aspects of the iPhones functionality, including core functions such as phone calls, text messaging, use of apps, etc.

20. Apple purposefully concealed, fraudulently omitted and/or failed to warn or disclose to owners of class iPhones that their iOS updates were intended to limit the maximum performance of some system components when needed to prevent a shutdown due to their degraded batteries. In doing such, Apple failed to warn or disclose to owners of class iPhones that their iOS updates were designed to slow launch times for apps and inevitably create reductions in the phones' many areas of performance.

21. Apple purposefully concealed, fraudulently omitted and/or failed to warn or disclose to owners of class iPhones that their iOS updates would or could significantly and negatively interfere with class iPhones' performance and ordinary functions.

22. Moreover, Apple repeatedly misrepresented the iOS updates, touting the new software's improvements, bug fixes, and security, while failing to disclose the negative aspects of the updates.

23. Apple also purposefully concealed, fraudulently omitted and/or failed to warn or disclose to owners of class iPhones that another contributor to the slowing of their phone performance is and/or was the continued chemical aging of their original and now degraded batteries, and that a battery replacement in older iPhone models could serve as a better remedy to the problem of phone shutdowns and degraded performance without the further slowing and interfering with performance that the iOS updates have caused.

24. Upon information and belief, Apple does not allow iPhone owners to revert their iOS updates, including the iOS 10 and iOS 11 Updates, to previous, better functioning versions of iOS. However, Defendant does not warn the consumer that the update is irreversible.

25. Further, Plaintiff and other putative class members effectively had no choice but to update their devices' software with the iOS updates, including the iOS 10 and iOS 11 software because Apple's constant reminders to update were otherwise unceasingly disruptive until the owner had updated the software as directed, and because the Apps on class iPhones would ultimately be outdated and could not be updated unless the iPhone was running the latest iOS software.

26. Thus, following Apple's iOS updates, Plaintiffs and owners of class iPhones are and/or were forced to either use a slowed and poor performing iPhone, or pay hundreds of dollars for a new phone.

27. Apple also purposefully concealed, fraudulently omitted and/or failed to disclose to owners of class iPhones the fact that a battery replacement – which cost approximately $65-79

– would improve the performance of older iPhones in order to require consumers to purchase newer iPhone models after their class iPhones had slowed and prevented their ordinary phone use.

28. Had Plaintiff and putative class members been informed by Apple that a simple, cheaper battery replacement would have improved the performance of their class iPhones, Plaintiff and putative class members would have chosen to replace their batteries which was clearly a more cost effective remedy rather than upgrading to a new iPhone or other phones which were extremely costly.

29. Apple's wrongful and deceptive material actions, representations, and omissions directly and proximately caused the interference and loss of value to Plaintiff and members of the proposed classes' iPhones causing them to suffer economic harm as well as other harm for which they are entitled to compensation for, including replacement of old iPhone; loss of use; loss of value; purchase of new batteries; ascertainable losses in the form of deprivation of the value of their iPhone; and overpayment of their iPhones in that Plaintiff and members of the proposed classes did not get what they paid for.

## CLASS ALLEGATIONS

30. Plaintiff seeks relief on behalf of themselves and as representatives of all others who are similarly situated. Pursuant to Fed. R. Civ. P. 23(a), (b)(2), (b)(3) and (c)(4), Plaintiff seeks certification of a Nationwide class defined as follows:

> All persons residing in the United States who own or have owned an iPhone model which was updated with any of Apple's 2017 operating system software iOS updates (the "Nationwide Class").

31. Pursuant to Fed. R. Civ. P. 23, and in the alternative to claims asserted on behalf of the Nationwide Class, Plaintiff asserts claims under the laws of New York, and on behalf of separate New York Sub-Class, defined as follows:

> All persons residing in New York who own or have owned an iPhone model which was updated with any of Apple's 2017 operating system software iOS updates (the "New York Sub-Class").

32. Excluded from each of the above Classes are any of Apple's officers, directors and board members; all persons who make a timely election to be excluded from the Class; and the judges to whom this case is assigned and their immediate family.

33. Plaintiff hereby reserves the right to amend or modify the class definitions with greater specificity or division after having had an opportunity to conduct discovery.

34. Each of the proposed Classes meets the criteria for certification under Federal Rule of Civil Procedure 23(a), (b)(2), (b)(3) and (c)(4).

35. **Numerosity. Fed. R. Civ. P. 23(a)(1).** Consistent with Rule 23(a)(1), the members of the Class are so numerous and geographically dispersed that the joinder of all members is impractical. While the exact number of members in the Nationwide and New York Classes are unknown to Plaintiff at this time, Plaintiff believes the proposed Class comprises millions of members. Class members may be identified through objective means. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published notice.

36. **Commonality. Fed. R. Civ. P. 23(a)(2) and (b)(3).** Consistent with Fed. R. Civ. P. 23(a)(2) and with 23(b)(3)'s predominance requirement, this action involves common

questions of law and fact that predominate over any questions affecting individual Class members. The common questions include:

    a.    Whether Apple failed to disclose that its iOS updates caused slowdowns in older iPhone model's performance;

    b.    Whether Apple interfered or otherwise lowered the use or value of older iPhone models; and

    c.    Whether Apple's iOS modifications were implemented in order to profit from Plaintiff and other members of the proposed classes by inducing them to purchase new iPhones as replacements for their older iPhone models;

    d.    Whether Apple is subject to liability for fraudulently concealing material facts from Plaintiff and other members of the proposed classes;

    e.    Whether Apple's conduct constituted deceptive trade practices under state law;

    f.    Whether Apple was unjustly enriched as a result of its fraudulent conduct, such that it would be inequitable for Apple to retain benefits conferred upon it by Plaintiff and other members of the proposed classes;

    g.    Whether Plaintiff and the other members of the proposed classes were injured and suffered damages or other acceptable losses because of Apple's fraudulent behavior; and,

    h.    Whether Plaintiff and other members of the proposed classes are entitled to relief.

37.   **Typicality. Fed. R. Civ. P. 23(a)(3).** Consistent with Fed. R. Civ. P. 23(a)(3), Plaintiff's claims are typical of those of the other Class members. Plaintiff's damages and injuries are akin to the other Class members and Plaintiff seeks relief consistent with the relief of the putative classes.

38. **Adequacy. Fed. R. Civ. P. 23(a)(4).** Consistent with Fed. R. Civ. P. 23(a)(4), Plaintiff is adequate representatives of the Class because Plaintiff is a member of the Classes and is committed to pursuing this matter against Apple to obtain relief for the Class. Plaintiff has no conflict of interest with the Class. Plaintiff's Counsel are competent and experienced in litigating class actions, including privacy litigation. Plaintiff intends to vigorously prosecute this case and will fairly and adequately protect the Class' interests.

39. **Superiority. Fed. R. Civ. P. 23(b)(3).** Consistent with Fed. R. Civ. P23(b)(3), a class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The quintessential purpose of the class action mechanism is to permit litigation against wrongdoers even when damages to individual plaintiffs may not be sufficient to justify individual litigation. Here, the damages suffered by Plaintiff and the other members of the putative Classes are relatively small compared to the burden and expense required to individually litigate their claims against Apple, and thus, individual litigation to redress Apple's wrongful conduct would be impracticable. Individual litigation by each Class member would also strain the court system. Individual litigation creates the potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

40. **Injunctive and Declaratory Relief.** Class certification is also appropriate under Fed. R. Civ. P. 23(b)(2) and (c). Defendant, through its uniform conduct, has acted or refused to act on grounds generally applicable to the Class as a whole, making injunctive and declaratory relief appropriate to the Class as a whole.

Case 1:18-cv-00080-ILG-PK   Document 1   Filed 01/05/18   Page 11 of 17 PageID #: 11

41. Likewise, particular issues under Rule 23(c)(4) are appropriate for certification because such claims present only particular, common issues, the resolution of which would advance the disposition of this matter and the parties' interests therein.

42. Finally, all members of the proposed Classes are readily ascertainable by records maintained by Apple. Using this information, the members of the Class can be identified and their contact information ascertained for purposes of providing notice to the Class.

<div align="center">

**VIOLATIONS ALLEGED**

**COUNT I**
**FRAUDULENT MISREPRESENTATION**
(On Behalf Of Plaintiff and the Nationwide Class, or, Alternatively, Plaintiff and the New York Sub-Class)

</div>

43. Plaintiff incorporates and re-alleges the allegations contained in the preceding and subsequent paragraphs as if fully set forth herein.

44. Prior to and at the time that Plaintiff and members of the proposed National and New York classes decided to update their class iPhones with iOS updates, Apple knew and had full knowledge and information that its iOS updates would materially slow down the performance of their older model iPhones and could significantly and negatively interfere with class iPhones' performance and ordinary functions, and that a simple battery replacement would improve the performance of their class iPhones.

45. Prior to and at the time that Plaintiff and members of the proposed National and New York classes decided to purchase a replacement phone, Apple knew and had full knowledge and information that its iOS updates would materially slow down the performance of their older model iPhones and could significantly and negatively interfere with class iPhones' performance and ordinary functions, and that a simple battery replacement would improve the performance of their older model class iPhones.

11

46. Apple intentionally misrepresented the iOS updates, touting the new software's improvements to performance and functionality while failing to disclose the negative aspects of the updates, including its slowing of the class iPhones functions and interference with its ordinary uses.

47. These representations were material to Plaintiff and proposed class members and their use of class iPhones.

48. Apple intentionally made these misrepresentations and material omissions in order to defraud and/or mislead Plaintiff and proposed class members into updating their class iPhones with iOS updates and subsequently purchasing newer model replacement iPhones.

49. Plaintiff and proposed class members relied upon Apple's misrepresentations and material omissions in updating their phones with iOS updates and subsequently purchasing newer model replacement phones.

50. Had Apple disclosed that the iOS updates could and would slow class iPhones processing and interfere with their ordinary use, and/or that class iPhones could have easily been fixed with a replacement battery, Plaintiff and members of the proposed classes would have, to the extent possible, declined the iOS updates and not have purchased replacement phone devices.

51. As a result of Apple's misrepresentations and material omissions, Plaintiff and proposed class members lost material value, function, and use in their class iPhones and/or were required to expend material sums of money or value to replace their slowed and under or non-performing class iPhones with fully functioning and performing phones.

52. As a direct and proximate cause of the Defendant's material omissions, Plaintiff and members of the proposed classes suffered ascertainable losses consisting of lost material

value, function, and use in their class iPhones and/or the purchase price of new replacement phone devices.

## COUNT II
## FRAUDULENT CONCEALMENT
(On Behalf Of Plaintiff and the Nationwide Class, or, Alternatively, Plaintiff and the New York Sub-Class)

53. Plaintiff incorporates and re-alleges the allegations contained in the preceding and subsequent paragraphs as if fully set forth herein.

54. At all relevant times herein, Apple had a duty to disclose material information to class iPhone users regarding their devices, including information their degraded batteries and iOS updates and their effects on the devices' processing, operations, performance, functionality, and/or ordinary use.

55. Apple intentionally concealed and/or failed to disclose the aforementioned material facts to Plaintiff and members of the proposed classes.

56. Plaintiff and members of the proposed classes did in fact rely on the Defendant to disclose this information which the Plaintiff and members of the proposed classes were unaware of at all relevant times, including the time they accepted the updates and when they purchased replacement phone devices.

57. Plaintiff and proposed class members relied upon Apple's misrepresentations and material omissions in updating their phones with iOS updates and subsequently purchasing newer model replacement phones.

58. Had Apple not concealed that the iOS updates could and would slow class iPhones processing and interfere with their ordinary use, and/or that class iPhones could have easily been fixed with a replacement battery, Plaintiff and members of the proposed classes

would have, to the extent possible, declined the iOS updates and not have purchased replacement phone devices.

59. As a result of Apple's material concealment, Plaintiff and proposed class members lost material value, function, and use in their class iPhones and/or were required to expend material sums of money or value to replace their slowed and under or non- performing class iPhones with fully functioning and performing phones.

60. As a direct and proximate cause of the Defendant's material omissions, Plaintiff and members of the proposed classes suffered ascertainable losses consisting of lost material value, function, and use in their class iPhones and/or the purchase price of new replacement phone devices.

## COUNT III
## BREACH OF IMPLIED CONTRACT
(On Behalf Of Plaintiff and the Nationwide Class, or, Alternatively, Plaintiff and the New York Sub-Class)

61. Plaintiff incorporates and re-alleges the allegations contained in the preceding and subsequent paragraphs as if fully set forth herein.

62. Plaintiff and members of the proposed classes entered into implied contracts with Apple, when they purchased and/or acquired their class iPhones, to which Apple agreed to not purposefully interfere with Plaintiff and members of the proposed classes' speed, operation, and/or usage of their devices.

63. Plaintiff and members of the proposed classes fully performed their obligations under the implied contracts with Apple.

64. Apple breached the implied contracts it made with the Plaintiff and members of the proposed classes by providing iOS updates which purposefully slowed the operation and

performance of class iPhones when new models came out and by failing to properly disclose that at the time the parties entered into an implied agreement.

65. The damages to Plaintiff and members of the proposed classes as described herein were the direct and proximate result of the Apple's breaches of these implied contracts.

## COUNT IV
### VIOLATIONS OF NEW YORK'S GENERAL BUSINESS LAW § 350
(On Behalf of Plaintiffs and the New York Sub-Class)

66. Plaintiff incorporates and re-alleges the allegations contained in the preceding and subsequent paragraphs as if fully set forth herein.

67. Plaintiff and the other members of the proposed New York Sub-Class have been injured and suffered damages by violations of § 349(a) of New York General Business Law (the "GBL"), which states: "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

68. Apple engaged in acts and practices in the State of New York that were deceptive or misleading in a material way, and that injured Plaintiff and the other members of the New York Sub-Class.

69. Such acts and practices were consumer oriented, and likely and intended to mislead a reasonable consumer acting reasonably under the circumstances existing at the time.

70. Apple's deceptive acts include its failure to disclose that (a) it was purposefully slowing down the performance speed of class iPhones and/or that (b) a battery replacement would improve class iPhones' performance.

71. Plaintiff and the other members of the proposed New York Sub-Class have been damaged by Apple's violations of Section 349 of the GBL, for which they seek recovery of the actual damages they suffered because of Defendant's willful and wrongful violations of section 349, in an amount to be determined at trial.

72. Plaintiff and the other members of the proposed New York Sub-Class seek treble damages and an award of reasonable attorney's fees pursuant to § 349(h) of the GBL.

## COUNT V
### VIOLATIONS OF NEW YORK'S GENERAL BUSINESS LAW § 350
(On Behalf of Plaintiff and the New York Sub-Class)

73. Plaintiff incorporates and re-alleges the allegations contained in the preceding and subsequent paragraphs as if fully set forth herein.

74. Plaintiff and the other members of the proposed New York Sub-Class have been injured and suffered damages by violations of § 350 of New York GBL, which states: "False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful."

75. Apple's advertisements regarding class iPhones and iOS updates were false and misleading in a material way, as Apple made affirmative statements and omissions concerning the positive virtues of class iPhones and the positive effects of the iOS updates without disclosing or warning Plaintiff and members of the proposed New York Sub-Class regarding the negative effects of the iOS updates and their impact on class iPhones, including significant slowdowns and decreased functionality.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all members of the proposed classes in this Complaint, respectfully request that the Court enter judgment in their favor and against Apple as follows:

a. For an Order certifying the Classes, as defined herein, and appointing Plaintiff and his Counsel to represent the Nationwide Class, or in the alternative the New York Sub-Class;

b. For an award of damages, as allowed by law in an amount to be determined;

c. For an award of attorneys' fees costs and litigation expenses, as allowable by law;

d. For prejudgment interest on all amounts awarded; and

e. Such other and further relief as this court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all claims and issues so triable.

Dated: January 5, 2018

By: _____

Gary S. Graifman, Esq.
Jay I. Brody, Esq.
**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Tel: (845) 356-2570

*Attorneys for Plaintiffs and the Putative Class*

17